ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| DERRICK B. JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 309-095 |
| | ) |
| BILLY BROWN, Warden, Montgomery | ) |
| State Prison, Georgia Department of | ) |
| Corrections, and CHERYL PARSONS, | ) |
| Superintendent, Treutlen Probation | ) |
| Detention Center, Georgia Department of | ) |
| Corrections, | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Montgomery State Prison in Mount Vernon, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.

### I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

## II. DISCUSSION

### A. Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: (1) Jackson v. United States of America, Civil Case No. 507-287 (M.D. Ga. Aug. 20, 2007) (dismissed as frivolous); (2) Jackson v. Mizzola, Civil Case No. 507-156 (M.D. Ga. July 30, 2007) (dismissed as frivolous); and (3) Jackson v. Francisco, Civil Case No. 599-063 (M.D. Ga. June 11, 1999) (dismissed as frivolous).[2]

---

[1] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

[2] Notably, Plaintiff has had multiple cases dismissed under the three strikes provision. See Jackson v. United States Marshals Serv., Civil Case No. 509-243 (M.D. Ga. July 23, 2009); Jackson v. Jordan, Civil Case No. 509-051 (M.D. Ga. Feb. 17, 2009); Jackson v. Kump,

2

As Plaintiff filed a complaint that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted in each of the cases cited above, these previously dismissed cases and appeals qualify as strikes under § 1915(g). As Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

**B.     No Allegation of "Imminent Danger"**

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). In his complaint, Plaintiff fails to allege that he was in any imminent danger at the time of the filing of the complaint. Specifically, Plaintiff contends that his probation was "illegally revoked" on April 16, 2009, and that he was supposed to serve the remainder of his probated sentence in a probation detention center. (Doc. no. 1, p. 5). Plaintiff alleges that instead, he is being housed at Montgomery State Prison, which Plaintiff calls "false imprisonment." (Id.). Plaintiff goes on to contend that "[D]efendants" have violated his due process rights by failing to return him to the proper court for probation revocation proceedings. (Id.). Finally, Plaintiff alleges that "[D]efendants" have denied him "the [F]irst Amendment right to petition the government for these grievances," though Plaintiff does not provide any details regarding this claim. (Id.).

---

Civil Case No. 508-385 (M.D. Ga. Dec. 8, 2008); Jackson v. Chatman, Civil Case No. 508-399 (M.D. Ga. Nov. 19, 2008); Jackson v. Gordon, Civil Case No. 107-2037 (N.D. Ga. Aug. 31, 2007).

3

None of Plaintiff's allegations fall within the imminent danger exception. Plaintiff does not contend that he is suffering or will suffer any kind of physical injury because he is being housed at Montgomery State Prison rather than a probation detention center. Notably, Plaintiff makes no allegations that his health and/or safety is at risk. Rather, it appears that Plaintiff is simply dissatisfied with his place of incarceration. In addition, Plaintiff's allegations that Defendants have denied him his due process and First Amendment rights do not demonstrate that Plaintiff is in any kind of imminent danger of serious *physical* injury. Therefore, Plaintiff has failed to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception of § 1915(g).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this action, he must submit a new complaint, along with the full filling fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 10th day of December, 2009, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE